TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
AGGIE B. LEE SBN 228332
aggie.lee@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:   213.430.3400
Facsimile:    213.430.3409

Attorneys for Defendant
JOHNSON & JOHNSON

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY WEAVER AND JAMES WEAVER,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, ETHICON, INC., and DOES 1 through 20, inclusive<br><br>Defendants. | Case No. 3:16-CV-00257-GPC-BGS<br><br>Assigned to the Honorable Gonzalo P. Curiel<br><br>**DEFENDANT JOHNSON & JOHNSON'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(2) AND 12(B)(6)**<br><br>Date:         April 22, 2016<br>Time:         1:30 p.m.<br>Courtroom: 2D |

# **TABLE OF CONTENTS**

**Page**

I. PLAINTIFFS HAVE NOT ESTABLISHED THAT THIS COURT HAS PERSONAL JURISDICTION OVER JOHNSON & JOHNSON. ........................................................................................................ 1

    A. Exercising Personal Jurisdiction Would Violate Due Process Because Plaintiffs Cannot Demonstrate that the Court has General or Specific Jurisdiction over Johnson & Johnson. ....................... 1

        1. Plaintiffs Have Not Established General Jurisdiction. ................... 1

        2. Plaintiffs Have Not Established Specific Jurisdiction. .................. 6

    B. Plaintiffs Are Not Entitled To Jurisdictional Discovery. ......................... 8

II. THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD A PLAUSIBLE CLAIM. ................................................................................................ 8

III. CONCLUSION ................................................................................................ 9

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

i

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOHNSON & JOHNSON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(2) AND 12(B)(6)
1147995.3                                                                                                                      16cv00257

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Amiri v. DynCorp Int'l, Inc.*,
 2015 WL 166910 (N.D. Cal. Jan. 13, 2015) .................................................................4

*Androphy v. Smith & Nephew, Inc.*,
 31 F. Supp. 2d 620 (N.D. Ill. 1998) ..............................................................................7

*AstraZeneca AB v. Mylan Pharm., Inc.*,
 72 F. Supp. 3d 549 (D. Del. 2014) ................................................................................5

*Azco Biotech Inc. v. Qiagen, N.V.*,
 2013 WL 4500782 (S.D. Cal. Aug. 20, 2013) ..............................................................8

*Bogart v. Glenmark Generics, Inc., USA*,
 2014 WL 5800577 (S.D. Cal. Nov. 7, 2014) ................................................................9

*Boschetto v. Hansing*,
 539 F.3d 1011 (9th Cir. 2008) ......................................................................................8

*Cahen v. Toyota Motor Corp.*,
 2015 WL 7566806 (N.D. Cal. Nov. 25, 2015) .............................................................4

*Corcoran v. CVS Health Corp.*,
 2016 WL 948880 (N.D. Cal. Mar. 14, 2016) ...............................................................4

*Covad Commc'ns Co. v. Pac. Bell*,
 1999 WL 33757058 (N.D. Cal. Dec. 14, 1999) ........................................................4, 5

*Daimler AG v. Bauman*,
 134 S. Ct. 746 (2014) ............................................................................................ passim

*Estate of Klieman v. Palestinian Auth.*,
 82 F. Supp. 3d 237 (D.D.C. 2015) ...............................................................................3

*Evans v. Johnson & Johnson*,
 2014 WL 7342404 (S.D. Tex. Dec. 23, 2014) .............................................................3

*Evans v. Johnson & Johnson*,
 2015 WL 1650402 (S.D.W. Va. Apr. 14, 2015) ..........................................................2

*Harris v. Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
 328 F.3d 1122 (9th Cir. 2003) ......................................................................................5

*Huston v. Johnson & Johnson*,
 2015 WL 1565648 (S.D.W. Va. Apr. 8, 2015) ............................................................3

*Keeley v. Pfizer Inc.*,
 2015 WL 3999488 (E.D. Mo. July 1, 2015) ................................................................5

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

*Kraft v. Johnson & Johnson*,
   97 F. Supp. 3d 846 (S.D. W. Va. 2015) ................................................................... 2, 3

*Lightfoot v. Cendant Mortg. Corp.*,
   769 F.3d 681 (9th Cir. 2014) ........................................................................................ 3

*Lisa McConnell, Inc. v. Idearc, Inc.*,
   2010 WL 364172 (S.D. Cal. Jan. 22, 2010) ................................................................. 6

*Locke v. Ethicon Inc.*,
   58 F. Supp. 3d 757 (S.D. Tex. 2014) ........................................................................... 3

*Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*,
   2015 WL 4755335 (N.D. Cal. Aug. 11, 2015) ............................................................. 4

*Mack v. Amerisourcebergen Drug Corp.*,
   2009 WL 4342513 (D. Md. Nov. 24, 2009) ................................................................. 6

*NuCal Foods, Inc. v. Quality Egg LLC*,
   887 F. Supp. 2d 977 (E.D. Cal. 2010) .......................................................................... 6

*Patterson v. F.B.I.*,
   893 F.2d 595 (3d Cir. 1990) ......................................................................................... 1

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ...................................................................................... 8

*Perkins v. Benguet Consolidated Mining Co.*,
   342 U.S. 437 (1952) ................................................................................................. 2, 3

*Priority Envtl. Sols., Inc. v. Stevens Co. Ltd.*,
    2015 WL 9274016 (E.D. Wis. Dec. 18, 2015) ............................................................ 4

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ...................................................................................... 5

*Robinson v. Johnson & Johnson*,
   2015 WL 3923292 (Cal. Super. Jun. 22, 2015) ............................................................ 2

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ........................................................................................ 7

*Senne v. Kansas City Royals Baseball Corp.*,
   105 F. Supp. 3d 981 (N.D. Cal. 2015) .......................................................................... 3

*Seymour v. Johnson & Johnson*,
   2015 WL 1565657 (S.D.W. Va. Apr. 8, 2015) ............................................................. 3

*Shepherd Invs. Int'l, Ltd. v. Verizon Commc'ns Inc.*,
   373 F. Supp. 2d 853 (E.D. Wis. 2005) ......................................................................... 4

iii

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOHNSON & JOHNSON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(2) AND 12(B)(6)
1147995.3                                                                                                                                16cv00257

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

*Snyder v. Wachovia Mortgage*,
  2010 WL 2736945 (E.D. Cal. July 12, 2010) .................................................................. 9

*ViX Swimwear, Inc. v. SBC Clothing, Inc.*,
  2015 WL 3905097 (S.D. Cal. June 25, 2015) ................................................................. 3

*Von Grabe v. Sprint PCS*,
  312 F. Supp. 2d 1285 (S.D. Cal. 2003) ........................................................................... 1

*Walsh v. Nevada Dep't of Human Res.*,
  471 F.3d 1033 (9th Cir. 2006) ........................................................................................ 9

*Xilinx, Inc. v. Papst Licensing GMBH & Co.KG*,
  113 F. Supp. 3d 1027 (N.D. Cal. 2015) .......................................................................... 4

**STATUTES**

CAL. CORP. CODE § 2105 ........................................................................................................ 5

**RULES**

FED. R. CIV. P. 43(c); ............................................................................................................. 1

TUCKER ELLIS LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

iv

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOHNSON &
JOHNSON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(2) AND 12(B)(6)
1147995.3                                                                                                       16cv00257

Defendant Johnson and Johnson by and through its attorneys of record, submit this reply Memorandum of Points and Authorities in support of its Motion to Dismiss.

## I. PLAINTIFFS HAVE NOT ESTABLISHED THAT THIS COURT HAS PERSONAL JURISDICTION OVER JOHNSON & JOHNSON.

As an initial matter, it is settled that "[t]o establish a prima facie case [of personal jurisdiction], the plaintiff must produce admissible documentary evidence containing facts sufficient to support a finding of personal jurisdiction." *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1297 (S.D. Cal. 2003).  Here, because Plaintiffs have attached 6 exhibits with no accompanying declaration or affidavit, these exhibits are inadmissible hearsay, lack authentication and foundation, and are not proper evidence to support a finding of jurisdiction. *See* FED. R. CIV. P. 43(c); *see also Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence).

But even if such evidence was properly before this Court, Plaintiffs' arguments fail on their merits. As set forth below, the Court should dismiss Plaintiffs' claims under Rule 12(b)(2) because the Court does not have personal jurisdiction over Johnson & Johnson.

### A. Exercising Personal Jurisdiction Would Violate Due Process Because Plaintiffs Cannot Demonstrate that the Court has General or Specific Jurisdiction over Johnson & Johnson.

#### 1. Plaintiffs Have Not Established General Jurisdiction.

Johnson & Johnson is not subject to general jurisdiction because it is not incorporated in California, does not have its principal place of business in California, and is not otherwise "at home" in California.  Nowhere in Plaintiffs' opposition is there any discussion or acknowledgment of the recent Supreme Court decision of *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), which confirms that a corporation is at "home" only in the states where it: (1) is incorporated; and (2) has its principal place of business.  The Supreme Court in *Daimler* made it clear that a corporation is not subject to general

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOHNSON & JOHNSON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(2) AND 12(B)(6)
1147995.3                                                                                                           16cv00257

jurisdiction in any other state, unless it is an "exceptional case" like *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952). The *Perkins* Court held that an Ohio court could exercise jurisdiction over the defendant because "[g]iven the wartime circumstances" (the Japanese occupation of the Philippines), Ohio "was the corporation's principal, if temporary, place of business." *Daimler*, 134 S. Ct. at 756 & n. 8. Significantly, *Perkins* did not create "an additional basis for general jurisdiction." *Kraft v. Johnson & Johnson*, 97 F. Supp. 3d 846, 853 (S.D.W. Va. 2015); *see also Robinson v. Johnson & Johnson,* 2015 WL 3923292, at *4 (Cal. Super. Jun. 22, 2015) ("The Court is persuaded after reviewing the relevant U.S. Supreme Court cases that the 'exceptional case' concept is intended to be highly limited, e.g., to the peculiar one-off situation in Perkins"). Plaintiffs have provided no evidence whatsoever that this is an "exceptional case" like *Perkins*. Plaintiffs do not dispute that Johnson & Johnson is incorporated and has its principal place of business in New Jersey. Under *Daimler,* Johnson & Johnson is not subject to general jurisdiction in California.

Instead of acknowledging *Daimler*, Plaintiffs cite to cases that predate *Daimler* and point to webpage printouts showing alleged lobbying activities and the employment positions in California (*see* Pls.' Opp'n at 10-17). None of these arguments establish that Johnson & Johnson is at "home" in California.

First, courts in other cases involving Johnson & Johnson have applied *Daimler* and rejected the arguments Plaintiffs make here. In *Evans v. Johnson & Johnson*, 2015 WL 1650402, at *6 (S.D.W. Va. Apr. 14, 2015), the court dismissed the claims of 94 out-of-state plaintiffs, rejecting the argument that "large amounts" of in-forum marketing and sales created an exception to *Daimler*'s at-home rule. Also, "the fact that defendants train and direct employees in the forum fails to confer general jurisdiction." *Id*. Further, "permitting the maintenance of a website accessible in all states" to confer general jurisdiction "would effectively eviscerate the doctrine: the defendants here and countless other corporations, large and small, would be subject to all-purpose jurisdiction nationwide." *Id.*; *See also Huston v. Johnson & Johnson*, 2015 WL 1565648 (S.D.W.

2

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOHNSON & JOHNSON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(2) AND 12(B)(6)
1147995.3                                                                                                                16cv00257

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Va. Apr. 8, 2015); *Kraft*, 97 F. Supp. 3d 846; *Seymour v. Johnson & Johnson*, 2015 WL 1565657 (S.D.W. Va. Apr. 8, 2015); *Locke v. Ethicon Inc.*, 58 F. Supp. 3d 757 (S.D. Tex. 2014); *Evans v. Johnson & Johnson*, 2014 WL 7342404 (S.D. Tex. Dec. 23, 2014).

Additionally, Plaintiffs have not provided competent evidence that Johnson & Johnson actually engaged in lobbying activities in California. Even if they did, this would not be sufficient to confer general jurisdiction under *Daimler*. Since *Daimler*, courts have held that lobbying activities, including fundraising, public speaking engagements, and hiring a lobbying firm to develop a public relations campaign, are insufficient to confer general jurisdiction over a non-resident defendant. *See Estate of Klieman v. Palestinian Auth.*, 82 F. Supp. 3d 237, 245 (D.D.C. 2015); *Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1019 (N.D. Cal. 2015).

Plaintiffs also refer to press releases about "Innovation Centers" located in California, Boston, England, and China (*see* Pls.' Ex. 3) to argue that this somehow shows that Johnson & Johnson is not a holding company but does substantial, systematic, and continuous business in California (*see* Pls.' Opp'n at 12-16). Plaintiffs' arguments are unfounded and incorrect. First, these "Innovation Centers" are opened by "Johnson & Johnson Innovation, LLC"—a different entity. And even if the press releases did pertain to Johnson & Johnson, Plaintiffs cannot seriously contend or show that maintaining an "innovation center" transplants Johnson & Johnson's principal place of business from New Jersey to California, like the wartime defendant in *Perkins*. Plaintiffs have not come close to demonstrating that "exceptional" circumstances exist to support the exercise of general jurisdiction outside of New Jersey.

Throughout their opposition, Plaintiffs improperly rely on case law decided before *Daimler*. But case law construing *Daimler* in this district and other California district courts consistently find general jurisdiction lacking for foreign corporations. *See ViX Swimwear, Inc. v. SBC Clothing, Inc.*, 2015 WL 3905097, at *4 (S.D. Cal. June 25, 2015) (Curiel, J.) (no general jurisdiction over defendant entering into contracts and transactions with plaintiff in California because it was not otherwise "at home" in

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

California); *Cahen v. Toyota Motor Corp.*, 2015 WL 7566806, at *6 (N.D. Cal. Nov. 25, 2015) (company not incorporated in and not having principal place of business in California is "strong evidence" that it is not at home in California); *Amiri v. DynCorp Int'l, Inc.*, 2015 WL 166910, at *5 (N.D. Cal. Jan. 13, 2015) (When viewed "in their entirety", company's California activities were "at best a small part of a much larger, worldwide business, and [fell] far short of the high bar for exercising general jurisdiction. Concluding otherwise would leave [company] subject to suit in any state in which it operates—a result that runs directly contrary to *Daimler*"). Finally, and most recently, in *Corcoran v. CVS Health Corp.*, 2016 WL 948880, at *5 (N.D. Cal. Mar. 14, 2016), the Northern District of California confirmed that no general jurisdiction exists for a holding company—and noted plaintiffs' improper reliance on pre-*Daimler* cases.

At any rate, a review of some of the pre-*Daimler* cases cited by Plaintiffs reveal subsequent case law in the same district rejecting this expansive analysis. The Eastern District of Wisconsin noted that *Shepherd Invs. Int'l, Ltd. v. Verizon Commc'ns Inc.*, 373 F. Supp. 2d 853 (E.D. Wis. 2005) (cited by Plaintiffs--*see* Pls.' Opp'n at 9, 17-18) was an "exceptional case," and found a plaintiff's reliance on pre-*Daimler* cases "unpersuasive." *Priority Envtl. Sols., Inc. v. Stevens Co. Ltd.*, 2015 WL 9274016, at *5 (E.D. Wis. Dec. 18, 2015). Similarly, after *Covad Commc'ns Co. v. Pac. Bell*, 1999 WL 33757058 (N.D. Cal. Dec. 14, 1999) (cited by Plaintiffs--*see* Pls.' Opp'n at 10, 17), the Northern District of California has consistently followed *Daimler*'s general jurisdiction test. *See Corcoran*, 2016 WL 948880, *Cahen*, 2015 WL 7566806, *Amiri*, 2015 WL 166910, *Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, 2015 WL 4755335, at *4 (N.D. Cal. Aug. 11, 2015), and *Xilinx, Inc. v. Papst Licensing GMBH & Co.KG*, 113 F. Supp. 3d 1027, 1037 (N.D. Cal. 2015) (plaintiffs' reliance on a pre-*Daimler* case was inconsistent with *Daimler* and "should not be followed").[1]

---

[1] Further, these pre-*Daimler* cases are distinguishable. *See, e.g., Shepherd*, 373 F. Supp. 2d at 863 (defendant had 15,000 Wisconsin shareholders and regularly communicated with them through personal letters, faxes, and telephone calls and maintained business

4

Plaintiffs also argue that Johnson & Johnson is registered to do business in California. However Plaintiffs reference two webpages regarding "Johnson & Johnson Finance Corporation" and "Johnson & Johnson Consumer Inc." (*see* Pls.' Ex. 6), both of which are subsidiaries of Johnson & Johnson, a holding company. Plaintiffs improperly attempt to lump many different companies together and impute those contacts to Johnson & Johnson. Regardless, even if Plaintiffs had shown that Johnson & Johnson is registered to do business in California, this *still* would not confer general jurisdiction[2].

Plaintiffs' arguments that Johnson & Johnson subsidiary contacts with California are sufficient for general jurisdiction also fail. It is settled that a subsidiary's purported contacts with a state are not attributable to a parent company for jurisdictional purposes. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015); *see also Harris v. Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003). Again, Plaintiffs ignore the clear language of *Daimler*, where the Supreme Court specifically rejected the Ninth Circuit's reliance on agency theory to invoke general jurisdiction based on a parent corporation's hypothetical readiness to perform services itself if the subsidiary did not exist. *Daimler*, 134 S. Ct. at 759-760. In rejecting the exact argument that Plaintiffs make (*see* Pls.' Opp'n at 19-21), the Supreme Court

---

relationships with over 140 Wisconsin banks depositing approximately 1,400 dividend checks every quarter); *Covad*, 1999 WL 33757058 (defendant maintained offices and recruited employees in California, signed 554 interconnection agreements which allowed companies to use defendants' network to compete, spent $1.3 billion to open California phone markets).

[2] California, like many states, requires corporations to register with the Secretary of State and maintain a registered agent in the state to transact business. *See, e.g.*, CAL. CORP. CODE § 2105. But "by registering to do business in a state or maintaining a registered agent," a defendant "d[oes] not consent to jurisdiction." *Keeley v. Pfizer Inc.*, 2015 WL 3999488, at *4 (E.D. Mo. July 1, 2015); *see also Neeley v. Wyeth LLC*, 2015 WL 1456984, at *3 (E.D. Mo. Mar. 30, 2015) (rejecting argument that compliance with Missouri's foreign corporation registration statutes supports general jurisdiction, because "*Daimler* clearly rejects this proposition"); *AstraZeneca AB v. Mylan Pharm., Inc.*, 72 F. Supp. 3d 549, 556-57 (D. Del. 2014) (compliance with Delaware's registration statutes governing foreign corporations "cannot constitute consent to jurisdiction").

reasoned that "it will always yield a pro-jurisdiction answer: Anything a corporation does through an independent contractor, subsidiary, or distributor is presumably something that the corporation would do 'by other means' if the independent contractor, subsidiary, or distributor did not exist." *Daimler*, 134 S. Ct. at 759 (internal quotation marks omitted).  Further, Plaintiffs have not even alleged that Johnson & Johnson has sufficient control over a subsidiary to impute that subsidiary's contacts under an alter ego or agency theory[3].  *See, e.g.*, *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 989-96 (E.D. Cal. 2010); *Lisa McConnell, Inc. v. Idearc, Inc.*, 2010 WL 364172, at *7–9 (S.D. Cal. Jan. 22, 2010); *Mack v. Amerisourcebergen Drug Corp.*, 2009 WL 4342513, at *8 (D. Md. Nov. 24, 2009) (dismissing product liability lawsuit against Johnson & Johnson because "Plaintiffs have provided no justification for disregarding the parent/subsidiary distinction").

As set forth in *Daimler* and its progeny, because Johnson & Johnson is not incorporated in California and does not have its principal place of business here, it is not at "home" in California and thus not subject to general jurisdiction[4].

### 2. Plaintiffs Have Not Established Specific Jurisdiction.

Moreover, Johnson & Johnson is not subject to specific jurisdiction because it did not purposefully direct any activities at California residents with respect to the Surgiflo Matrix Kit allegedly at issue here. Plaintiffs have failed to satisfy the Ninth Circuit's three-prong test for analyzing a claim of specific jurisdiction, which requires Plaintiffs to

---

[3] But even if the Court did impute a subsidiary's contacts to Johnson & Johnson, general jurisdiction is still lacking. *See, e.g.*, *Daimler*, 134 S.Ct. at 760-763 (parent corporation not subject to general jurisdiction even assuming that foreign subsidiary was "at home" in California and that its forum contacts, which included in-state facilities and "billions of dollars" in revenue from selling thousands of cars, were attributable to parent).

[4] Plaintiffs' additional argument that cases cited by Defendant are distinguishable based on those plaintiffs not providing evidence of continuous and systematic contacts (*see* Pls.' Opp'n at 18-19), is unfounded. The plaintiffs in each case submitted evidence of defendants' contacts within the forum state, which the courts still held was insufficient to confer general jurisdiction.

6

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOHNSON & JOHNSON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(2) AND 12(B)(6)
1147995.3                                                                                                                                 16cv00257

connect the non-resident defendant's purposefully-directed activities to their instant personal injury claim. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Plaintiffs cannot demonstrate how subsidiaries unrelated to the Surgiflo Matrix Kit (ALZA Development Corp, Biosense Webster, Lifescan, Inc.) confer specific jurisdiction over Johnson & Johnson and Surgiflo. Plaintiffs have also failed to show how the website relates to the Surgiflo product at issue. The basic tenet of specific jurisdiction is that a defendant's activities within the forum state justify the exercise of jurisdiction for acts arising out of those particular activities. And, as with their general jurisdiction argument, here Plaintiffs fail.

First, Plaintiffs have not shown, and cannot show, that Johnson & Johnson purposefully directed any activities to California residents regarding sales and manufacture of the Surgiflo Hemostatic Matrix Kit in California. This is because Johnson & Johnson does not manufacture <u>any</u> products, much less the product at issue here. *See Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 622 (N.D. Ill. 1998) (Johnson & Johnson is a "holding company which neither transacts business nor contracts to provide products or services" in the state). Plaintiffs have not produced any competent evidence that Johnson & Johnson manufactured the Surgiflo Hemostatic Matrix Kit, or acted in this specific instance in any way other than a holding company. Accordingly, Plaintiffs have not shown, and cannot show, that their personal injury claim relating to the Surgiflo product "arises out of" any purposefully-directed activities by Johnson & Johnson. *See id.*

Plaintiffs unsuccessfully attempt to use a website to show "purposeful availment" of California. *See* Pls.' Opp'n at 23-24. Again, Plaintiffs are missing the crucial link—that the Johnson & Johnson website has anything to do with the Surgiflo Hemostatic Matrix Kit. Plaintiffs fail to establish that Johnson & Johnson purposefully directed the website to California residents or created continuing obligations to California residents through the website for the Surgiflo product. Pointing to unrelated websites and unrelated products cannot lead to a finding of purposeful availment and specific

7

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOHNSON & JOHNSON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(2) AND 12(B)(6)
1147995.3                                                                                                                                     16cv00257

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

jurisdiction.

Johnson & Johnson plays no part whatsoever in the manufacture of the Surgiflo Hemostatic Matrix Kit. It is a holding company. *See* Johnson & Johnson 2014 Form 10-K, at Pls.' Opp'n. at 10-11. It did not direct any activities towards California residents with respect to the Surgiflo product at issue in Plaintiffs' Complaint. Johnson & Johnson thus cannot be subject to specific jurisdiction.

### B.    Plaintiffs Are Not Entitled To Jurisdictional Discovery.

No amount of discovery can change the facts that: (1) Plaintiffs' claims do not arise out of any specific activities in California by Johnson & Johnson (a holding company) related to the Surgiflo Hemostatic Matrix Kit; (2) Johnson & Johnson is incorporated in New Jersey; and (3) Johnson & Johnson's principal place of business is New Jersey. Plaintiffs' request for jurisdictional discovery (*see* Pls.' Opp'n at 27-28) should thus be denied. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (district court did not abuse its discretion in denying request for jurisdictional discovery, which was "based on little more than a hunch that it might yield jurisdictionally relevant facts"); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery") (internal quotation marks and citation omitted); *Azco Biotech Inc. v. Qiagen, N.V.*, 2013 WL 4500782, at *8 (S.D. Cal. Aug. 20, 2013) (court declined to permit jurisdictional discovery so that plaintiffs could determine which entity to sue).

## II.   THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD A PLAUSIBLE CLAIM.

Plaintiffs have not responded substantively to Johnson & Johnson's argument that their claims are insufficiently pled. Instead, Plaintiffs have restated what is contained in their form Complaint (*see* Pls.' Opp'n at 29-30), *i.e.* the bare bone elements of the causes of action without *factual content* that would allow the court to draw a reasonable

1 inference that the defendant is liable for the alleged misconduct. Plaintiffs merely 2 checked boxes in their form Complaint and failed to set forth facts supporting any 3 actionable claims, like in *Snyder v. Wachovia Mortgage*, 2010 WL 2736945, at *5 (E.D. 4 Cal. July 12, 2010) (action dismissed). As pleaded, the bare claim that Surgiflo "did not 5 reabsorb" (*see* Pls.' Opp'n at 29-30; Compl. at 4) does not set forth any *facts* 6 establishing the elements of negligence or any manufacturing defect under California 7 law. *See* Def.'s Mot. at 8-10.

8 The opposition is silent regarding any conduct by Johnson & Johnson (who does 9 not manufacture any product, much less the product at issue), the nature or extent of 10 Plaintiffs' injuries, how the product deviated from its intended design, or how any defect 11 caused injuries. Defendant still does not know the specific defect in manufacture and 12 how this defect allegedly caused injury. Without such factual allegations, Plaintiffs' 13 claims fail.

14 Finally, because their opposition completely ignores their express warranty claim, 15 Plaintiffs have abandoned it. *See Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 16 1037 (9th Cir. 2006) (plaintiff abandoned claim by failing to raise it in opposition to 17 motion to dismiss); *Bogart v. Glenmark Generics, Inc., USA*, 2014 WL 5800577, at *5 18 (S.D. Cal. Nov. 7, 2014) (plaintiff's failure to respond to an argument in opposition to 19 motion to dismiss amounts to a concession and such claims should be dismissed). These 20 pleading failures warrant dismissal of all of Plaintiffs' claims.

21 **III. <u>CONCLUSION</u>**

22 For the foregoing reasons, the Court should grant Defendant's Motion to Dismiss.
23 Respectfully submitted on this 25th day of March, 2016.

                                    TUCKER ELLIS LLP


                            By:   */s/ Aggie B. Lee*
                                  Mollie F. Benedict
                                  Aggie B. Lee
                                  Attorneys for Defendant
                                  JOHNSON & JOHNSON