1
2
3
4
5
6
7          **UNITED STATES DISTRICT COURT**
8          **SOUTHERN DISTRICT OF CALIFORNIA**

9  | KIMBERLY WEAVER AND JAMES WEAVER, | CASE NO. 16-cv-00257-GPC (BGS) |
10 |  | **ORDER:** |
   | Plaintiffs, |  |
11 |  | **(1) DENYING DEFENDANT J&J's RULE 12(b)(2) MOTION TO DISMISS WITHOUT PREJUDICE;** |
12 |  |  |
13 | v. | **(2) GRANTING PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY;** |
14 |  |  |
15 |  | **(3)DENYING DEFENDANT J&J's RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
16 |  |  |
17 | JOHNSON & JOHNSON, ETHICON, INC., and DOES 1 through 20, inclusive, |  |
18 |  | **(4) GRANTING PLAINTIFFS' LEAVE OF COURT TO FILE AN AMENDED COMPLAINT** |
19 | Defendant. |  |
20 |  | [ECF No. 3.] |

21
22          Defendant Johnson & Johnson moves to dismiss Plaintiffs' Complaint on the
23  grounds that this Court lacks personal jurisdiction and that Plaintiffs' Complaint fails
24  to state a claim upon which relief may be granted.  (ECF No. 3.)  On March 11, 2016,
25  Plaintiffs opposed Defendant's motion.  (ECF No. 6.)  On March 26, 2016, Defendant
26  filed a reply.  (ECF No. 7.)  The Court finds it suitable to decide the matter based on
27  the unopposed motion.  <u>See</u> Civil Local Rule 7.1(d)(1).  For the reasons set forth
28  below, this Court  DENIES Defendant's motion to dismiss for lack of personal

jurisdiction without prejudice and GRANTS Plaintiffs' request to conduct jurisdictional discovery. Moreover, the Court DENIES Defendant's motion to dismiss for failure to state claim as premature, and GRANTS Plaintiffs' leave of court to file an Amended Complaint once jurisdictional discovery is complete.

## BACKGROUND

Plaintiff Kimberly Weaver underwent sinus surgery twice in late 2014. (ECF No. 1-2, Ex. A, Compl. at 10.[1]) She first underwent surgery in November 2014, and then later in December 2014. (*Id*.) Each time her surgeon applied SurgiFlo Hemostatic Matrix Kit ("SurgiFlo"), a self absorbing packing. (*Id*.) On her second sinus surgery, it was determined that the SurgiFlo did not reabsorb. (*Id*.) The Complaint alleges that the product was manufactured in a negligent manner and did not perform as required. (*Id*.) Plaintiff James Weaver alleged he suffered emotional distress from witnessing his wife's injury and suffered a "loss of society comfort in there [sic] relationship." (*Id.*)

On November 18, 2015, Plaintiffs Kimberly Weaver and James Weaver (collectively "Plaintiffs") initiated their action in the Superior Court of California, County of San Diego by filing a form complaint against Defendant Johnson & Johnson ("Defendant J&J") and its subsidiary, Defendant Ethicon, Inc. [2] (ECF No. 1-2, Compl. at 7-11.) Plaintiffs assert that both defendants are liable under California law for general negligence, strict liability based on manufacturing defect, breach of express warranty and loss of consortium. (*Id*. at 11; ECF No. 6 at 6.) On February 1, 2016, Defendant J&J removed this case to this Court under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332 on the basis of diversity. (ECF No. 1 at 1, 2, and 6.)

On February 8, 2016, Defendant J&J moved this Court to dismiss Plaintiffs' Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), and for failure to state a claim pursuant to Rule 12(b)(6). (ECF No.

---

[1]Page numbers are based on the CM/ECF pagination.

[2]Ethicon, Inc. has not yet been served with the Complaint.

1  3-1 .)  On March 11, 2016, Plaintiff filed an opposition.  (ECF No. 6.)  On March 25,

2  2016,  Defendant J&J filed a reply.  (ECF No. 7.)

3  **DISCUSSION**

4  **A.**     **Legal Standard on Personal Jurisdiction**

5          "When a defendant moves to dismiss for lack of personal jurisdiction, the

6  plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re*

7  *Western States Wholesale Natural Gas Antitrust Litigation v. Oneok, Inc*., 715 F.3d

8  716, 741 (9th Cir. 2013).  If the motion is based on written materials rather than an

9  evidentiary hearing, the plaintiff need only make "a prima facie showing of

10  jurisdictional facts to withstand the motion to dismiss."  *Bryton Purcell LLP v.*

11  *Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009).  On a prima facie showing,

12   the court resolves all contested facts in favor of the non-moving party.  *In re Western*

13  *States*, 715 F.3d at 741; *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th

14  Cir. 1996) (if conflicted facts are contained in the parties' affidavits, the facts must be

15  resolved in favor of the plaintiff for purposes of determining whether a prima facie case

16  of personal jurisdiction has been established.)  At the same time, however, the plaintiff

17  cannot establish  jurisdiction by alleging bare jurisdictionally-triggering facts without

18  providing some evidence of their existence.  *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc*.,

19  551 F.2d 784, 787 (9th Cir. 1977).

20          "Where, as here, no federal statute authorizes personal jurisdiction, the district

21  court applies the law of the state in which the court sits."  *Marvix Photo, Inc., v. Brand*

22  *Techs., Inc*., 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted).  California's long-

23  arm statute is "coextensive with the outer limits of due process under the state and

24  federal constitutions, as those limits have been defined by the United States Supreme

25  Court."  *Republic Int'l Corp. v.  Amco Eng'rs, Inc*., 516 F.2d 161, 167 (9th Cir. 1976)

26  (quoting *Threlkeld v. Tucker*, 496 F.2d 1101, 1103 (9th Cir. 1974)).  As such, the Court

27  need only consider the requirements of due process.  Due process requires that

28

1  nonresident defendants have "minimum contact" with the forum state "such that the

2  maintenance of the suit does not offend traditional notions of fair play and substantial

3  justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Personal jurisdiction

4  can be either "general" or "specific."  *See Helicopteros Nacionales de Colombia, S.A.*

5  *v. Hall*, 466 U.S. 408, 415-16 (1984).

6  **B.     General Personal Jurisdiction over Defendant J&J**

7        Defendant J&J argues that this Court lacks general personal jurisdiction over it

8  because J&J is not at "home" in California because its principal place of business and

9  its place of incorporation are in New Jersey, not California. (ECF No. 3-1 at 6.)

10  Moreover, Defendant J&J contends that the "exceptional" case announced in the

11  United State's Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746

12  (2014) does not apply.  Plaintiffs argue that  Defendant J&J is subject to the general

13  jurisdiction in California because the defendant has had  "continuous and substantial"

14  contacts in California.

15        "A court may assert general jurisdiction over foreign (sister-state or

16  foreign-country) corporations to hear any and all claims against them when their

17  affiliations with the State are so 'continuous and systematic' as to render them

18  essentially at home in the forum State." *Goodyear  Dunlop Tires Operations, S.A. v.*

19  *Brown*, 131 S. Ct. 2846, 2851 (2011).  As to corporations, "the place of incorporation

20  and principal place of business are 'paradig[m] . . . bases for general jurisdiction."

21  *Daimler AG,* at 134 S. Ct. 746, 760 (2014) (citation omitted). Outside of these

22  paradigm bases, only "in an exceptional case" should a court find a corporation's

23  operations in the forum to be "so substantial and of such a nature as to render the

24  corporation *at home* in that State." *Id.* at 761 n.19 (emphasis added).  Exceptional

25  circumstances, as noted in *Daimler,* do not exist merely whenever "a foreign

26  corporation's in-forum contacts can be said to be in some sense 'continuous and

27  systematic,' it is only whether that corporation's 'affiliations with the State are so

28

1   'continuous and systematic' as to render [it] essentially at home in the forum State.'"
2   *Id.* at 761 (quoting *Goodyear*, 131 S. Ct. at 2851.)  The Supreme Court in *Daimler AG*
3   cited to its decision in *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437
4   (1952) to exemplify what constitutes "exceptional circumstances."  *Id.*  There, the
5   Court held that an Ohio court could exert general jurisdiction over an out-of-state
6   corporation located in the Philippines, because Ohio was the corporations's principal,
7   albeit temporary, place of business during the war when the Japanese occupied the
8   Philippines.  *Id.* at 447-48.

9      Courts have noted that *Daimler* raised the bar to establish general jurisdiction.
10   *See Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 698 (7th Cir. 2015) ("*Daimler*
11   raised the bar for general jurisdiction and "require[s] more than the 'substantial,
12   continuous, and systematic course of business' that was once thought to suffice.");
13   *Amiri v. DynCorp Int'l, Inc.*, Case No. 14cv3333 SC, 2015 WL 166910, at *3 (N.D.
14   Cal. Jan. 13, 2015) (noting that "in the overwhelming majority of cases there will be
15   no occasion to explore whether a *Perkins*-type exception might apply").

16      Moreover, "[w]here, as here, the defendant's alleged contacts are through its
17   corporate subsidiaries, the Court must engage in a preliminary inquiry to determine
18   whether the subsidiaries contacts are properly attributed to the defendant [parent
19   corporation]."  *Doe v. Unocal*, 248 F.3d 915, 925 (9th Cir. 2001).  "The existence of
20   a parent-subsidiary relationship is insufficient, on its own, to justify imputing one
21   entity's contacts with a forum state for another for the purpose of establishing personal
22   jurisdiction."  *Ranza v. Nike*, 793 F.3d 1059, 1070 (9th Cir. 2015), *cert denied*, 136 S.
23   Ct. 915 (2016).  Rather, the plaintiff must show something more, such as facts that the
24   subsidiary is the alter ego of the parent corporation.  *Id.* at 1070-71.

25      Here, Defendant J&J asserts that its principal place of business and place of
26   incorporation is in New Jersey.  Plaintiffs do not dispute these statements but assert,
27   now invalid arguments post-*Daimler*, that Defendants have continuous and systematic
28

1  contacts with California.   Plaintiffs do not explicitly assert the exceptional

2  circumstances standard apply and rely on pre-*Daimler* cases applying the less rigid

3  "substantial, continuous, and systematic" standard.

4      In support of their argument for general jurisdiction, Plaintiffs invoke California

5  case law, *i.e.*: *DVI Inc., v. Superior Court*, 104 Cal. App. 4th 1080, 1093 (2002), and

6  assert that the Court can exert general jurisdiction based on agency theory of

7  jurisdiction which requires a showing that a corporation's subsidiary performed

8  services that the corporation would otherwise have to undertake itself if those

9  subsidiaries ceased to exist in the forum state.  However, the United States Supreme

10  Court has rejected general jurisdiction based on an agency theory. *Ranza v. Nike*, 793

11  F.3d 1059, 1071 (9th Cir. 2015) (citing *DaimlerAG,* 134 S. Ct. at 759-60.)[3]  Therefore,

12  the agency test cannot be a basis to exert general jurisdiction over Defendant J&J.[4]

13      Next, Plaintiffs argue that this Court may exert general jurisdiction over

14  Defendant J&J based on substantial and continuous business activities in California.

15  First, J&J has had "substantial and continuous" contacts in California based on

16  Defendant J&J's being "'engaged in the research and development, manufacture and

17  sale of a broad range of products in the health care field' pervasively throughout the

18  forum State and the nation and the world." (ECF No. 6 at 10-12) (quoting Defendant

19  J&J SEC form 10k.)  As such, Defendant J&J is much more than a holding company.

20  (*Id*.)   Second, Defendant J&J purposefully directs its website, www.jnj.com, to

21  California citizens, resulting in a large amount of in-state sales. (*Id*.)  Third, Defendant

22  J&J is "listed on the California Corporation Commission as an active Corporation

23  _____

24  [3]The Supreme Court left intact "imputed" general jurisdiction based on the alter ego test. *Ranza*, 793 F.3d at 1071.  Under the alter ego test,  the plaintiff must show that the parent and subsidiaries are "not really separate entities." *Doe v. Unocal Corp.*,
25  248 F.3d 915, 926 (9th Cir. 2001) (citation omitted).  Plaintiffs have not raised alter ego as a basis for the Court's jurisdiction.
26

27  [4]The United States Supreme Court left open the possibility that an agency analysis may be relevant for purposes of specific jurisdiction. *Daimler*, 134 S. Ct. at 759 n. 13 ("Agency relationships, we have recognized, may be relevant to the existence
28  of *specific* jurisdiction") (emphasis in original).

doing business within California as 'Johnson & Johnson Services, Inc.,' as 'Johnson & Johnson Healthcare Systems, Inc.,' as 'Johnson & Johnson Finance Corp.' and as 'Johnson & Johnson Consumer Inc.'" (*Id.* at 12:5-11.)  Fourth, J&J actively engages in employee recruitment in California and actively lobbies  California state legislators and regulators. (*Id.* at 12, 15, 16.)  Fifth, Defendant J&J's subsidiaries have  entered into several joint ventures and have formed so-called "Innovation Centers" in California. (*Id.* at 12-15.)

The reasons asserted by Plaintiffs fall short of making Defendant "at home" in California to satisfy the exceptional circumstances standard.  *See Corcoran v. CVS Health Corp.*, – F. Supp. 3d – 2016 WL 948880, at *5 (N.D. Cal. Mar. 14, 2016) (no general jurisdiction where Plaintiffs contend that CVS Health had a substantial number of pharmacies, maintained two distributions centers and solicited employees in California); *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) *cert. denied*, – U.S. –, 135 S. Ct. 2310 (2015) (affirming district court finding of no general jurisdiction over defendant who had contracts with California companies worth between $225 and $450 million, sent employees to California, and advertised in trade publications with distribution in California); *Cahen v. Toyota Motor Corp.*, – F. Supp. 3d –, 2015 WL 7566806, at *6-7 (N.D. Cal. Nov. 25, 2015) (no general jurisdiction with respect to defendant car manufacturer who had 302 employees in California and over one hundred thousand cars registered in California in the past year).

Accordingly, Plaintiff has not plead facts showing that Defendant J&J is at "home" in California in such a way that it may be subject to general jurisdiction. Nonetheless, as discussed below, the Court concludes that jurisdictional discovery is appropriate.

## C.   Specific Personal Jurisdiction over Defendant J&J

Defendant J&J argues that this Court lacks specific jurisdiction over it.  First, it maintains that it is merely a holding company and, as such, it has never directly, much

1   less purposefully, ever made contact with California.  (ECF No. 7 at 7.)  Second,

2   Defendant J&J argues that even if Plaintiffs' allegations pertaining to conduct of J&J

3   and its subsidiaries were true, those allegations would still  fail to show that J&J is

4   amenable to specific jurisdiction in California because Plaintiffs have not shown how

5   her injuries arose from, or were related to, to the defendant's in-forum contacts. (*Id*. at

6   7:1-9.)  Plaintiff, in turn, argues that this Court may assert specific jurisdiction over

7   Defendant J&J because (1) J&J itself targeted California, via its website and otherwise;

8   (2) the presence of J&J subsidiaries in California make it proper to subject J&J to

9   specific jurisdiction; (3) Plaintiffs' injuries  arise from or are related to J&J's forum-

10  related activities; and (4) the exercise of specific jurisdiction is reasonable.  (ECF No.

11  6 at 23, 25.)

12      Specific jurisdiction exists when a case "aris[es] out of or relate[s] to the

13  defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A.*, 466

14  U.S. at 414 n. 8.  The inquiry whether a forum State may assert specific jurisdiction

15  over a nonresident defendant "focuses on 'the relationship among the defendant, the

16  forum, and the litigation." *Walden v. Riore*, 134 S. Ct. 1115, 1121 (2014).  Specific

17  jurisdiction is limited to ruling on "issues deriving from, or connected with, the very

18  controversy that establishes jurisdiction." *Goodyear Dunlop Tires*, 131 S. Ct. at 2851

19  (citation omitted).  In the Ninth Circuit, specific  jurisdiction over a defendant is

20  established by satisfying a three factor test.  First, "[t]he non-resident defendant must

21  purposefully direct his activities or consummate some transaction with the forum or

22  resident thereof; or perform some act by which he purposefully avails himself of the

23  privilege of conducting activities in the forum, thereby invoking the benefits and

24  protections of its laws[.]"  *In re Western States*, 715 F.3d at 741-42. Second, the

25  plaintiffs' claim must arise out of or relate to the defendant's contacts with the forum.

26  *Id.*  Third, "the exercise of jurisdiction must comport with fair play and substantial

27  justice, i.e., it must be reasonable." *Id.*  The plaintiff bears the burden of satisfying the

28

first two factors and then the burden shifts to the defendant to make a "compelling case" that the third part has not been met. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

In determining whether the Court may exert specific jurisdiction over a defendant, the Court "must evaluate all of a defendant's contacts with the forum State . . ." *Yahoo! Inc., v. La Ligue Contre La Racisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (*en banc*). A parent corporation may be amenable to specific jurisdiction in a forum state, through an agency relationship, if it itself targeted the forum or it "purposefully availed itself of a forum by directing its agents or distributors to take action there." *Damiler AG*, 134 S. Ct at 759 n.13. In such cases, the parent corporation may only be liable to jurisdiction in the forum for claims that arises from, or are related to, the activities that the parent corporation either directly committed in or otherwise ordered its subsidiaries to do in the forum. *Id.* at 759; *Ranza,* 793 F.3d at 1075.

Plaintiffs contend that the Court may exercise specific jurisdiction over Defendant J&J for many of the same reasons that the Court could assert general jurisdiction over it. (ECF No. 6 at 22) . To wit, these reasons are the alleged facts that (1) Defendant J&J actively targeted California through the development, manufacturing, and sales of its healthcare products; (2) Defendant J&J uses its website (www.jnj.com) to purposefully target California citizens; (3) Defendant J&J is registered to do business in California under several names; (4) Defendant J&J engages in extensive marketing and lobbying efforts in the state; and (5) Defendant J&J's subsidiaries engage in several joint ventures in California. (ECF No. 6 at 22-23.)

A key factor to determining whether the court should exercise specific jurisdiction is the connection between Defendant's conduct and the harm alleged in this case from SurgiFlo. *See Goodyear Dunlop Tires*, 131 S. Ct. at 2851; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (to assert specific jurisdiction, defendant

must have "'purposefully directed' his activities at residents of the forum, . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities"). None of the arguments presented by Plaintiffs demonstrate any connection between Defendant's conduct and the alleged harm.  Besides a conclusory allegation, Plaintiff has not presented any facts as to how her injuries arose from, or were related to, any in-forum contacts by Defendant J&J.  For instance, Plaintiff does not explain, and it is far from obvious, how the alleged fact that Defendant J&J lobbied California officials or the alleged fact that the defendant's subsidiaries entered into a joint ventures in California gave rise to of her injuries in November 2014. (ECF No. at 6 at 12-14.)

To the degree that Plaintiffs rely on the in-forum contacts of  Defendant J&J's subsidiaries to establish specific jurisdiction over the defendant, it is Plaintiffs who have the burden to prove that the defendant "directed its [subsidiary] agents . . . to take action" in California.  *Daimler AG*, 134 S. Ct. at n. 13.  Absent such a showing, the Court may not exert specific jurisdiction over Defendant J&J based on its subsidiaries' in-forum contacts.  Plaintiffs here, however, have not argued or provided any facts showing that Defendant J&J directed its subsidiaries to take any action anytime in California.

In short, Plaintiffs fail to show that Defendant J&J targeted California, either directly or by directing its subsidiaries, in a way that makes the defendant amenable to jurisdiction in California.[5]  However, the Court concludes that jurisdictional discovery

_____

[5] The Court also notes that Plaintiff has argued that this Court's exercise of specific jurisdiction over Defendant J&J would be reasonable, in part because California has an interest in protecting the health and safety of its citizens. (ECF No. 6 at 25-26.)  However reasonable or not, jurisdiction may be in this case, factors of reasonableness enter the jurisdictional equation only after the Court is satisfied that the Defendant has  jurisdictionally-sufficient contacts with the forum state. *See Burger King Corp v. Rudzewicz*, 471 U.S. 462, 477 (1985) (applying the reasonableness test only after determining that defendant had minimum contacts with the forum state); *Unocal*, 248 F.3d  at 925.("[O]nce the court concludes that a defendant purposefully established minimum contacts with a forum state, and that the claims at issue arise from those contacts, the court must also determine whether the assertion of personal jurisdiction would comport with traditional notions of 'fair play and substantial justice.'")

1  is appropriate.

2  **D**.      **Plaintiffs' Request for Jurisdictional Discovery**

3  In the event the Court is inclined to grant Defendant's motion, Plaintiffs,

4  alternatively, seek to obtain jurisdictional discovery of J&J's contacts in California.

5  Defendant J&J opposes this request because district courts may deny a request for

6  jurisdictional discovery when a party's request for discovery is "based on little more

7  than a hunch that it might yield jurisdictionally relevant facts." (ECF No. 7 at 8) (citing

8  *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).) According to Defendant,

9  case law supports this Court denying jurisdictional discovery because, "No amount of

10  discovery can change the facts that: "(1) Plaintiff's claims do not arise out of any

11  specific activities in California by Johnson & Johnson (a holding company) related to

12  the Surgiflo Hemostraitc Matrix Kit; (2) Johnson & Johnson is incorporated in New

13  Jersey; and (3) Johnson & Johnson's principal place of business is in New Jersey."

14  (ECF No. 7 at 8:8-12.)

15  A district court may permit a requesting party to obtain jurisdictional discovery

16  "where pertinent facts bearing on the question of jurisdiction are controverted . . . or

17  where a more satisfactory showing of the facts is necessary." *Wells Fargo & Co v.*

18  *Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977). The decision to

19  permit or deny jurisdictional discovery lies in the Court's discretion, *id.*, but "[i]t

20  would. . . be counterintuitive to require a plaintiff, prior to conducting discovery, to

21  meet the same burden that would be required in order to defeat a motion to dismiss."

22  *Orchid Biosciences, Inc., v. St. Louis Univ.*, 198 F.R.D. 670, 673 (S.D. Cal. 2001). At

23  the same time, however, the plaintiff "must make at least a colorable showing the

24  personal jurisdiction exists." *Mitan v. Feeney*, 497 F. Supp. 1113, 1119 (C.D. Cal.

25  2007). This means that the plaintiff must, at least, put forward "'some evidence'

26  tending to establish personal jurisdiction over the defendant." *Id*. Jurisdictional

27  discovery, however, should be denied where "it is clear that further discovery would

28

not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo*, 556 F.2d at 430 n. 24.

Here, the Court finds that jurisdictional discovery is not warranted as to Defendant J&J on general jurisdiction as it is clear that discovery would not assist in revealing facts constitute a basis for general jurisdiction. However, the Court finds that Plaintiff has put forth "some evidence" to possibly establish jurisdiction over J&J, at least in the sense that the record does not foreclose the possibility that additional discovery could reveal the facts that bear on whether the Court may exercise specific jurisdiction over Defendant J&J based on an agency theory. *See Daimler AG*, 134 S. Ct. at 759 n. 13. Accordingly, the Court GRANTS Plaintiffs' request for jurisdictional discovery.

**E.     Defendant's Rule 12(b)(6) Motion to Dismiss**

In addition to urging this Court to dismiss Plaintiffs' Complaint for a lack of jurisdiction, Defendant J&J argues that this Court should also dismiss the Complaint under Rule 12(b)(6) as to each cause of action. Because the Court denies the motion to dismiss for lack of personal jurisdiction and granted Plaintiffs' request for jurisdictional discovery, the Court DENIES Defendant's motion to dismiss as premature.

**F.     Plaintiffs' Request for Leave to Amend the Complaint**

Plaintiffs also alternatively ask the Court to allow them to amend their Complaint under Rule 15(a) so that they may include Defendant J&J's in-forum subsidiaries as co-defendants in their action. (ECF No. 6 at 28.) Plaintiffs do not state which subsidiaries they seek to add.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). But leave to amend need not be given where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay

1    in litigation; or (4) is futile." *Id.*

2       Since Plaintiffs have not stated which subsidiaries they intend to add to the

3    Complaint and why, the Court DENIES Plaintiffs' request for leave to amend the

4    complaint to add subsidiaries because the Court cannot determine whether adding

5    subsidiaries, without specific facts as to the subsidiaries, would be futile.

6       However, the Court GRANTS Plaintiffs' leave to file an Amended Complaint

7    once jurisdictional discovery is complete to properly assert defendants subject to

8    personal jurisdiction by this Court.  In addition, Plaintiffs' Amended Complaint must

9    comply with the motion to dismiss standard as articulated by the United States Supreme

10   Court which requires that a plaintiff must plead facts that "state a claim to relief that

11   is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

12   *Corp. v .Twombly*, 550 U.S. 554, 555-56, 570 (2007) ("[t]hreadbare  recitals of the

13   elements of a cause of action, supported by mere conclusory statements, do not

14   suffice.")

15   **G.    Request for Judicial Notice**

16      Defendant J&J filed a request for judicial notice of a premarket approval letter

17   granted to Ethicon, Inc. from the Food and Drug Administration concerning

18   SURGIFOAM Absorbable Gelatin Spontge, U.S.P. (Dkt. No. 3-2.)  Since the Court

19   did not consider this document, the Court DENIES Defendant J&J's request for judicial

20   notice as moot.

21                              **CONCLUSION**

22      For the foregoing reasons, Court DENIES Defendant J&J's motion to dismiss

23   for lack of personal jurisdiction without prejudice and GRANTS Plaintiffs' request to

24   conduct jurisdictional discovery.  Plaintiffs are to complete discovery within sixty (60)

25   days of the Court's order.  Any disputes related to the jurisdictional discovery shall be

26   directed to the Magistrate Judge assigned to the case.  Further, the Court DENIES

27   Defendant J&J's motion to dismiss pursuant to Rule 12(b)(6) as premature.  Lastly, the

28

1   Court GRANTS Plaintiffs leave of court, once jurisdictional discovery is complete, to

2   file an Amended Complaint.  The Amended Complaint shall be filed within twenty (20)

3   days from the completion of jurisdictional discovery.

4           IT IS SO ORDERED.

5

6   DATED:  April 27, 2016

7

8                                 HON. GONZALO P. CURIEL
                                   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28