TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
AGGIE B. LEE SBN 228332
aggie.lee@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:    213.430.3400
Facsimile:    213.430.3409

Attorneys for Defendant
ETHICON, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY WEAVER AND JAMES WEAVER, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON, ETHICON, INC., and DOES 1 through 20, inclusive <br><br> Defendants. | Case No. 3:16-CV-00257-GPC-BGS <br><br> Assigned to the Honorable Gonzalo P. Curiel <br><br> **DEFENDANT ETHICON, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(6)** <br><br> Date:       August 26, 2016 <br> Time:       1:30 p.m. <br> Courtroom:  2D |

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ETHICON, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(6)

1178028.1                                                                  3:16-CV-00257-GPC-BGS

Defendant Ethicon, Inc. by and through its attorneys of record, submits this reply Memorandum of Points and Authorities in support of its Motion to Dismiss.

## I.   PLAINTIFFS' CLAIMS ARE NOT PARALLEL CLAIMS.

Plaintiffs' argument that they have alleged a parallel claim by merely stating that the "Surgiflo product used on Ms. Weaver did not absorb into her body, as intended" (Pls.' Opp'n at 2) displays a fundamental misunderstanding of a parallel claim. Plaintiffs' allegations are not parallel claims. They are state law claims that challenge the safety and effectiveness of the Surgiflo Hemostatic Matrix Kit, a class III medical device approved  by FDA through the premarket approval ("PMA") process. Accordingly, under *Riegel v. Medtronic, Inc.,* 552 U.S. 312 (2008), all of Plaintiffs' claims are preempted by federal law and should be dismissed.

Although Plaintiffs cite the applicable case law for parallel claims, a review of their Amended Complaint demonstrates that their claims do not fall within that "narrow gap" available for a state law claim to escape federal preemption. *See In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1204 (8th Cir. 2010). If Plaintiffs' vague and conclusory claims were to satisfy the specific pleading standard required for parallel claims, that "narrow gap" would widen to a gaping hole.

"To properly plead parallel claims that survive preemption, a plaintiff must allege facts '(1) showing an alleged violation of FDA regulations or requirements related to [the device], and (2) establishing a causal nexus between the alleged injury and the violation.'" *Erickson v. Boston Scientific Corp.*, 846 F. Supp. 2d 1085, 1092 (C.D. Cal. 2011).  Therefore, a parallel claim for manufacturing defect requires allegations that a manufacturer violated FDA manufacturing requirements. *See Funk v. Stryker Corp.*, 631 F.3d 777, 782 (5th Cir. 2011); *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 5117168, at *5 (N.D. Cal. Oct. 27, 2011). And, at bottom, any parallel claim must "meet the *Twombly* plausibility standard." *Bass v. Stryker Corp.*, 669 F.3d 501, 509 (5th Cir. 2012).

/ / /

TUCKER ELLIS LLP

Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

Plaintiffs' opposition claims that the amended complaint is sufficient: it alleged that although the Surgiflo is supposed to be absorbable, here, it was "manufactured in a non-absorbable state *(contrary to FDA approval)*, which caused Plaintiffs' physical discomfort, infections, and other damages. ([FAC] at ¶¶ 9, 10)." Pls' Opp'n at 4, italics added. But contrary to Plaintiffs' representations in the briefing, their Amended Complaint is absolutely silent with respect to FDA approval, specific FDA regulations or requirements, and how such requirements were violated by Ethicon's manufacturing processes. Indeed, the terms "FDA," "regulations," or "requirements" appear nowhere in Plaintiffs' Amended Complaint. Am. Compl., May 9, 2016, Dkt. No. 25.

Furthermore, Plaintiffs' Amended Complaint still does not identify the specific manufacturing defect—i.e., how the Surgiflo deviated from the intended result or design. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*, 754 F. Supp. 2d 1208, 1222 (C.D. Cal. 2010). The allegation that the Surgiflo either "did not self-absorb as warranted and represented," or did not "reabsorb within plaintiff's body . . . as planned" (Am. Compl. ¶¶ 5, 7) is not only vague, it sheds no light on what manufacturing defect caused the Surgiflo to allegedly fail and how that defect caused Plaintiffs' alleged injuries.

Federal case law is clear that Plaintiffs must support their parallel claim with specific allegations. *Funk*, 631 F.3d at 782 (complaint was "impermissibly conclusory and vague," failing to detail a specific defect, any causal connection, or the specific failure in the manufacturing process); *see also Simmons v. Boston Scientific Corp.*, No. CV 12-7962 PA FFMX, 2013 WL 1207421, at *4 (C.D. Cal. Mar. 25, 2013) ("Plaintiffs must do more than baldly assert that the device violated federal standards. Rather, 'Plaintiff must provide some allegations regarding the nature of the alleged . . . defect as it relates to the FDA approval process.'"); *Wolicki-Gables v. Arrow Int'l, Inc.*, 634 F.3d 1296, 1301-02 (11th Cir. 2011)(plaintiffs' allegations failed to "set forth any specific problem, or failure to comply with any FDA regulation that can be linked to the injury alleged"). Without such specificity, Plaintiffs' amended complaint merely alleges what

2

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

is effectively a *res ispa* case—that is, because the Surgiflo allegedly did not reabsorb, it *must* have been defective. *See Funk*, 631 F.3d at 782 (Plaintiffs' complaint "instead relies on *res ipsa loquitur* to suggest only . . . "that the thing speaks for itself.")  That is not a parallel claim.

Although Plaintiffs argue that they "are not required to plead the specific regulatory requirements violated," (Pls.' Opp'n at 4), such a position would eviscerate the distinction between parallel claims and claims preempted under the MDA and is contrary to federal case law. The one case Plaintiffs cite in support, *Bausch v. Stryker Corp.*, 630 F.3d 546, 560 (7th Cir. 2010), is an outlier in the federal jurisprudence relating to parallel claims. Indeed, the Seventh Circuit came to this conclusion by relying on the <u>dissenting</u> opinion in *Medtronic Leads*, 623 F.3d at 1211. *See Bausch*, 630 F.3d at 554 ("we essentially agree with Judge Melloy's dissent in *Medtronic Leads*"); *see also Bass*, 669 F.3d at 509 (Fifth Circuit cites a number of cases requiring allegations that manufacturer violated FDA regulations and noting *Bausch* as the one case that rejected the *Twombly* plausibility standard); *Hafer v. Medtronic, Inc.*, 99 F. Supp. 3d 844, 857 n.6 (W.D. Tenn. 2015) (finding the *Bausch* reasoning "unpersuasive").

A comparison of the allegations made by plaintiffs in *Bausch* and in the instant case demonstrates the paucity of Plaintiffs' claims. In *Bausch,* the amended complaint alleged that FDA investigation revealed that the manufacturing defendants "had failed to comply with [21 C.F.R.] section 820.90 regarding nonconforming products, and that the product implanted in plaintiff Bausch failed to comply with product specifications as approved by the FDA through the premarket approval process." *Bausch*, 630 F.3d at 556. There is nothing in Plaintiffs' amended complaint that provides any such detail. Plaintiffs cannot, now in their opposition briefing, "simply incant the magic words '[Defendant] violated FDA regulations' in order to avoid preemption. . . . Rather, Plaintiff must allege facts to substantiate that Defendants violated a particular federal requirement applicable to the subject device. . . . The vague allegation that Defendants violated federal law is 'insufficient to overcome the preemptive reach of § 360k(a).'"

T̲UCKER̲ E̲LLIS̲ LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

3

1  *Houston v. Medtronic, Inc.*, 957 F. Supp. 2d 1166, 1178 (C.D. Cal. 2013) (citations
2  omitted).

3      Plaintiffs have not alleged a parallel claim. Their allegations are vague, bare-
4  bones state law claims. In the end, Plaintiffs' Amended Complaint "does not assert either
5  a PMA-specific standard or a GMP regulation, the violation of which might form the
6  basis for a state law action. Rather, in a general manner it purports to limit otherwise
7  broad state law claims only to those circumstances involving noncompliance with an
8  FDA standard. In the face of the narrow pleading window required to avoid preemption,
9  Plaintiff has done virtually nothing." *White v. Stryker Corp.*, 818 F. Supp. 2d 1032, 1039
10  (W.D. Ky. 2011). Plaintiffs' amended complaint should be dismissed.

11  **II.**    **PLAINTIFFS ARE NOT ENTITLED TO DISCOVERY.**

12      Plaintiffs cannot rescue their claims by now seeking leave to conduct discovery to
13  support a specious parallel claim. Plaintiffs' request is unsupported—they do not
14  describe what information they lack and they do not need discovery to identify the
15  publicly-available federal regulation they believe was violated.

16      Their request runs contrary to their obligations under Rule 8 of the Federal Rules
17  of Civil Procedure: "[A] plaintiff who fails to meet the pleading requirements of Rule 8
18  is not entitled to conduct discovery with the hope that it might then permit her to state a
19  claim." *Timmons v. Linvatec Corp.*, 263 F.R.D. 582, 585 (C.D. Cal. 2010) (citing *Bell
20  Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662,
21  686-88 (2009)). Additionally, to allow "plaintiffs to file first and investigate later, as
22  Plaintiffs here have done, would be contrary to Rule 11(b), which mandates an 'inquiry
23  reasonable under the circumstances' into the evidentiary support for all factual
24  contentions prior to filing a pleading." *Id.* Indeed, "a plaintiff must successfully plead a
25  claim before obtaining discovery, not the other way around." *Becker v. Smith & Nephew,
26  Inc.*, No. 15-2538 WHW CLW, 2015 WL 4647982, at *3 (Aug. 5, 2015). In *Becker*, the
27  district court dismissed plaintiffs' strict liability claims as preempted and, in rejecting
28  their request for discovery, noted that "many PMA preemption motions are decided

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

4

without any discovery." *Id.*, citing *Smith v. Depuy Orthopaedics Inc.,* 552 Fed. App'x 192, 196 (3d Cir. 2014); *see also Kinetic Co. v. Medtronic, Inc.,* No. 08-CV-6062 PJS/AJB, 2011 WL 1485601, at *4 (D. Minn. Apr. 19, 2011) ("A plaintiff is permitted to take discovery to find evidence to support a properly pleaded claim for relief; a plaintiff is not permitted to take discovery to fish for claims of which it is not aware").

Second, multiple district and appellate courts, including the Southern District of California, have dismissed on preemption grounds at the pleadings stage without discovery. *See, e.g.*, *Perez v. Nidek Co.*, 711 F.3d 1109 (9th Cir. 2013); *Funk*, 631 F.3d 777; *De La Paz v. Bayer Healthcare LLC*, No. C 15-03995 WHA, 2016 WL 392972 (N.D. Cal. Feb. 2, 2016); *Anderson v. Medtronic, Inc.*, No. 14-CV-00615-BAS RBB, 2015 WL 2115342 (S.D. Cal. May 6, 2015); *Michajlun v. Bausch & Lomb, Inc.*, No. 14-CV-1365 JM JMA, 2015 WL 1119733 (S.D. Cal. Mar. 11, 2015); *Funke v. Sorin Grp. USA, Inc.*, 147 F. Supp. 3d 1017, 1021 (C.D. Cal. 2015); *Malonzo v. Mentor Worldwide, LLC*, No. C 14-01144 JSW, 2014 WL 2212235 (N.D. Cal. May 28, 2014); *Kashani-Matts v. Medtronic, Inc.*, No. SACV 13-01161-CJC, 2014 WL 819392 (C.D. Cal. Feb. 14, 2014); *Knoppel v. St. Jude Med. Inc.*, No. SACV 13-383 JVS ANX, 2013 WL 3803612 (C.D. Cal. May 7, 2013). Plaintiffs' request is simply one more last-ditch attempt to postpone an unfavorable ruling and should be denied.

## III.   THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT WITHOUT LEAVE TO AMEND.

In addition to seeking improper discovery to rescue their claims, Plaintiffs now request leave to file a second amended complaint. This request should also be denied. On April 27, 2016, the Court granted Plaintiffs leave to file an Amended Complaint to properly assert defendants subject to personal jurisdiction by this Court. The Court made clear in its Order that "Plaintiffs' Amended Complaint must comply with the motion to dismiss standard as articulated by the United States Supreme Court which requires that a plaintiff must plead facts that 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ETHICON, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(6)

1178028.1                                                                                   3:16-CV-00257-GPC-BGS

TUCKER ELLIS LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

U.S. 554, 555-56, 570 (2007) ('[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.').'' Order at 13, Apr. 27, 2016, Dkt. No. 22.

"Although leave to amend a deficient complaint shall be freely given when justice so requires, FED. R. CIV. P. 15(a), leave may be denied if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). The Ninth Circuit uses five factors to determine when a trial court should grant leave to amend a complaint: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The Court's discretion is particularly broad where it has previously granted leave to amend the complaint. *Id.* at 373-74 (finding it "implausible to suggest that justice somehow requires" the court to grant leave to amend the complaint for the third time); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962) (motion for leave to amend may be denied where the trial court finds a "repeated failure to cure deficiencies by amendments previously allowed"). Where a proposed amendment fails to remedy the deficiencies of the original complaint, amendment would be futile. *See Allen v. Dollar Tree Stores, Inc.*, 475 F. App'x 159, 159-60 (9th Cir. 2012).

Plaintiffs' Amended Complaint has not cured the deficiencies of the original form complaint—it still consists only of threadbare recitals of the causes of action, all of which are preempted. *See Kashani-Matts*, 2014 WL 819392, at *3 (dismissing amended complaint with prejudice because it "appears to not contain any new material factual allegations"). And Plaintiffs have not made any showing regarding possible facts available that would support amendment, nor have they proposed any amendments that would remedy these deficiencies. A bare and belated request for amendment, without more, is insufficient.

That Ethicon did not previously move to dismiss does not change the fact that this Court already gave Plaintiffs an opportunity to amend the complaint and specifically

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ETHICON, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(6)

1178028.1                                                                     3:16-CV-00257-GPC-BGS

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

informed them that the amended pleading should comply with *Twombly* and *Iqbal*. *See* Order at 13, Apr. 27, 2016, Dkt. No. 22 ("Plaintiffs' Amended Complaint **must** comply with the motion to dismiss standard . . . .") (emphasis added); *see also* Def.'s Mem. at 12-14, May 26, 2016, Dkt. No. 26. The sufficiency of a plaintiff's pleadings is not dependent upon a defendant's motion practice.  This new round of pleadings does not meet the Court's requirements. Plaintiffs' request for leave to amend the complaint again should be denied.

## IV.   CONCLUSION

The product at issue, the Surgiflo Hemostatic Matrix Kit, is a class III medical device granted PMA approval. All of Plaintiffs' claims are therefore preempted by federal law, and Plaintiffs have failed to and cannot allege a viable parallel claim. Because further amendment would be futile, Ethicon requests that the Court grant the Motion to Dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted on this 29th day of July, 2016.

TUCKER ELLIS LLP


By:   */s/ Aggie B. Lee*
        Mollie F. Benedict
        Aggie B. Lee
        Attorneys for Defendant
        ETHICON, INC.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ETHICON, INC.'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(6)

1178028.1                                                                      3:16-CV-00257-GPC-BGS

## CERTIFICATE OF SERVICE

I, Nancy C. Rawlings, declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On July 29, 2016, I served the following: **DEFENDANT ETHICON, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER F.R.C.P. 12(B)(6)** on the interested parties in this action by:

(X)     **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States Court, Southern District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X)     I declare that I am employed in the office of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 29, 2016, at Los Angeles, California.

Nancy C. Rawlings

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1
CERTIFICATE OF SERVICE

1178028.1                                                              3:16-CV-00257-GPC-BGS